GRIFFIN *v.* PERE MARQUETTE RAILWAY.

JURY—COURT RULE—DENIAL OF REQUEST FOR JURY—DISCRETION OF COURT.

> Where court published notice that after certain date rule requiring written request for jury trial would be strictly enforced, request for jury trial delayed 10 months beyond said fixed date, without explanation or excuse, was properly denied (Former Circuit Court Rule No. 39).

Appeal from Wayne; Jayne (Ira W.), J.   Submitted October 11, 1932.   (Calendar No. 35,884.) Decided December 6, 1932.

Case by Mary S. Griffin, administratrix of the estate of John H. Skurdan, deceased, against Pere Marquette Railway.   On plaintiff's motion to transfer cause to jury calendar.   Motion denied.   Plaintiff appeals.   Affirmed.

*J. H. M. Alexander,* for plaintiff.

*W. K. Williams* and *John C. Shields,* for defendant.

McDONALD, J.   This is an appeal from the Wayne circuit court to review an order denying to the plaintiff the right to have her cause tried by a jury.

Suit was filed on August 1, 1928.   Issue was joined September 22, 1928.   Former Circuit Court Rule No. 39 provides that if a party desires a jury he must file a written demand therefor within 10 days after the cause is at issue; but, though a de-

mand be not filed, the court may in its discretion transfer the cause to the jury calendar. The plaintiff's written demand was not filed until September 22, 1930, two years after the cause was at issue. On April 29, 1931, the case was assigned for trial. The plaintiff claimed the right to a trial by jury. The court entered an order of denial, and it is from this order the plaintiff has appealed.

The question is whether the court exercised proper judicial discretion in refusing the plaintiff's request for a jury.

Former Circuit Court Rule No. 39 became effective May 15, 1927. It was not enforced in the Wayne circuit court until December 1, 1929. During that interim it was the practice recognized and acquiesced in by the judges to ignore the rule and call for a jury at any time without a previous written demand. In October, 1929, the judges decided to enforce the rule, and, that the members of the bar might be timely informed thereof, published the following notice for 45 consecutive days in the Detroit Legal News:

"Notice to Attorneys.

"On and after December 1, 1929, the circuit court rule requiring filing of notice for demand for jury trial will be strictly enforced. Until that time notice of demand for jury trial in pending cases will be received.

(Signed)    "IRA W. JAYNE,
"Executive Judge."

The plaintiff's case was pending. It was too late to file a demand within 10 days after issue was joined; but the notice informed her attorney that the rule would be waived and his demand for jury would be accepted if filed before December 1, 1929. Notwithstanding this, he did not file his demand

until September 22, 1930, 10 months after the effective date of the notice. When the case was assigned for trial he insisted on his right to a jury, but gave the court no explanation or excuse for the long delay in filing his demand. He had been given timely notice that a demand for a jury would not be received in his case after December 1, 1929. The plaintiff was treated as fairly as other litigants. The trial judge saw no reason for relaxing the rule in her favor. Neither do we. We think the court exercised a proper discretion in refusing a jury.

We have considered arguments in the briefs in regard to the constitutional guaranty of jury trial and the statutory right thereto, but do not think these questions merit discussion.

The judgment is affirmed, with costs to the defendant.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.